IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**KIMBERLY KUBAS**
   *Plaintiff,*            Civil Action No.: 1:20-cv-2456

v.

**331B, LLC d/b/a Rockwell Fitness**
 *Defendant.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**DEFENDANT'S ANSWER TO COMPLAINT**</u>

  Defendant, 331B, LLC, (hereinafter "331B") by and through Jason C. Buckel, T. Lee Beeman, Jr., and Buckel, Levasseur, Pillai & Beeman, LLC, its counsel, hereby files its Answer to Plaintiff's Complaint and in support thereof, state the following:

### I. THE PARTIES

  1. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 1.

  2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

  3. Defendant admits that "Rockwell Fitness" is a trade name under which 331B operates its gym facility; and denies the allegation that Plaintiff was "unlawfully terminated" in Paragraph 3 of the Complaint.

### II. JURISDICTION AND VENUE

  4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

  5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

  6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

  7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## IV. STATEMENT OF FACTS

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint in part; but denies the inference in the allegation that Plaintiff ever made a complaint to Chisolm "that Mr. Conway had sexually harassed her and other female employees of RWF."

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

## COUNT I:  RETALIATION

31. Defendant incorporates the specific admissions, denials, and/or responses in each of the prior paragraphs of its Answer as if set forth fully herein.

32. Paragraph 32 of the Complaint sets forth direct quotations of a legal statute; it does not require a response as to its factual foundation.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

## GENERAL DENIAL OF ALLEGATIONS

All allegations that have not been specifically admitted are hereby denied, pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure.

## FIRST AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred by accord and satisfaction.

## SECOND AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred by estoppel.

## THIRD AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred by failure of consideration.

## FORTH  AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred as being previously paid.

**SIXTH AFFIRMATIVE DEFENSE**

42. Plaintiff's claims are barred as being previously released.

**SEVENTH AFFIRMATIVE DEFENSE**

43. Plaintiff's claims are barred by the statute of frauds.

**EIGHTH AFFIRMATIVE DEFENSE**

44. Plaintiff's claims are barred by the statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

45. Plaintiff's claims are barred as being previously waived.

**TENTH AFFIRMATIVE DEFENSE**

46. Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff or recoupment.

**ELEVENTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims fail to state a cause of action under applicable law.

**TWELTH AFFIRMATIVE DEFENSE**

48. Plaintiff's claims lack subject matter jurisdiction before this Court.

**THIRTEENTH AFFIRMATIVE DEFENSE**

49. Plaintiff's claims are barred to the extent that they rely upon written instruments which 331B did not execute nor form the basis of a legal cognizable contract under applicable law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

50. Defendants invoke the defenses, protections and limitations of Title VII, 42 U.S.C.§2000 *et seq*.

**FIFTEENTH AFFIRMATIVE DEFENSE**

51. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of Title VII and the Maryland and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of Title VII and the constitutional

safeguards provided to Defendant under the Constitution of the United States and/or the laws of the State of Maryland.

### SIXTEENTH AFFIRMATIVE DEFENSE

52. Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

### SEVENTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff has failed to exhaust administrative remedies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

54. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

### NINETEENTH AFFIRMATIVE DEFENSE

55. All actions taken by Defendant with respect to Plaintiff were supported by legitimate business reasons.

**WHEREFORE**, Defendant 331B requests that this Honorable Court enter judgment in its favor against Plaintiff as to all counts of Plaintiff's Complaint and to each and every alleged damage asserted therein; and for such other and further relief as this Court may find appropriate.

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all claims.

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  Jason C. Buckel     Federal Bar No: 24766
                                                  T. Lee Beeman, Jr.  Federal Bar No: 19613
                                                  Buckel, Levasseur, Pillai & Beeman, LLC
                                                  206 Washington Street
                                                  Cumberland, MD 21502
                                                  blpassistant@atlanticbbn.net
                                                  Phone: (301) 759-3700   Fax: (301) 722-0334
                                                  *Attorney for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of October 2020, a copy of the aforegoing Defendant's Answer to Complaint was served via U.S. First Class, Pre-Paid Mail to:

**Sundeep Hora**
**Alderman, Devorsetz & Hora PLLC**
**1025 Connecticut Ave., NW, Suite 615**
**Washington, DC 20036**
*Counsel for Plaintiff*

_____/s/_____
Jason C. Buckel     Federal Bar No: 24766
T. Lee Beeman, Jr.  Federal Bar No: 19613
Buckel, Levasseur, Pillai & Beeman, LLC
206 Washington Street
Cumberland, MD 21502
blpassistant@atlanticbbn.net
Phone: (301) 759-3700   Fax: (301) 722-0334
*Attorney for Defendant*