

ALDERMAN, DEVORSETZ & HORA PLLC

Sundeep Hora, Admitted DC, MD
shora@adhlawfirm.com

1025 Connecticut Avenue, NW
Suite 615
Washington, D.C. 20036

Phone (202) 969-8220
Fax (202) 969-8224

www.adhlawfirm.com

March 2, 2021

**VIA EMAIL ONLY**
Jason C. Buckel
T. Lee Beeman, Jr.
BUCKEL, LEVASSEUR,
PILLAI & BEEMAN, LLC
206 Washington Street
Cumberland, MD 21502

> **Re:** **Discovery Deficiencies in Defendant's Responses to**
> **Plaintiff's Requests for Production of Documents**

Dear Jason and Lee:

I write to identify the following deficiencies in Defendant's responses to Plaintiff's Interrogatories and Requests for Production of Documents, which were propounded on November 19, 2020,.

### Defendant's Responses to Plaintiff's Interrogatory Requests

**Interrogatory No. 1:** Defendant was asked to provide the names of individuals with knowledge of the matters raised in the pleadings and to "state the subject matter of each person's knowledge." Defendant identified the individuals with knowledge but neglected to provide the subject matter(s) of each person's knowledge. Please supplement this response accordingly.

**Interrogatory No. 2:** Instead of answering the interrogatory, Defendant identified a 42-page document from which Plaintiff must discern Defendant's response to the question of what, if any, actions Defendant took in response to Plaintiff's allegation that she was subjected to sexual harassment and/or retaliation by Mr. Conway, including any inquiries or investigation conducted by Defendant into Plaintiff's allegations. Please answer this interrogatory as stated.

**Interrogatory Nos. 8 and 10:** Interrogatory Request No. 8 seeks information about "any complaints or allegations of sexual harassment, discrimination, and/or retaliation lodged against Devin Conway during his tenure with the Defendant." Defendant's response lists only Ms. Kubas's complaints of harassment and retaliation. Yet Defendant's own document production reveals that there were other complaints against Mr. Conway. *See* 331B_0061. In a June 4, 2019 email to Mr. Chisolm, gym employee LaToya Butler Williams states "[f]irst I want to say that when I mentioned to you on Friday *about how the other ladies are talking about leaving because they feel uncomfortable around Devin* what I didn't tell you was that I knew about the incident that involved Kim . . . . I told her then that *she and the others needed* to tell you and to tell you everything . . . ." *Id.* (emphasis added). In addition to the complaints by Ms. Williams regarding Conway, this communication suggests that others may have also complained about Mr. Conway's behavior.

Defendant's response to Interrogatory No. 10 which asks for Defendant to "describe all pertinent facts related to all allegations or claims of sexual harassment, discrimination, or retaliation asserted by any current or former Rockwell employee," is also suspect.  Defendant declared that "[o]utside of the allegations and claims made by the Plaintiff, Defendant has not received any allegations or claims of sexual harassment, discrimination, or retaliation asserted by any current or former Rockwell employee" which is evidently not true given Ms. Williams's email.  Please supplement Defendant's responses to both of these interrogatories accordingly.

### **Defendants' Responses to Plaintiff's Requests for Production of Documents**

**RFP No. 1**:  This Request seeks "[a]ll communications and documents between and among Defendant's owners and/or employees regarding the allegations made in the Complaint."  It appears as if little effort was made to search for emails, text messages or other responsive communications by Defendant's staff and ownership regarding this case.  In total, Defendant has produced seven pages of emails which were not part of its EEOC Position Statement or obtained indirectly from Plaintiff through her correspondence with the Maryland Unemployment Commission.  *See* 331B_60-61, 194-198.  Please supplement this request after carrying out a comprehensive search.

**RFP No. 2**: Defendant's did not fulsomely respond to this request, which seeks communications between or among Defendant's staff and/or ownership and Plaintiff regarding the matters raised in the Complaint.  For example, a fragment of a text message exchange between Mr. Conway and Plaintiff regarding her timekeeping was included in the body of Defendant's EEOC statement but was not produced in full in the actual production.  *See* 331 B_10.  Additionally, Plaintiff is aware of text messages between herself and Bree Moore, who according to Defendant is still employed by Rockwell Fitness, regarding the matters raised in the pleadings.  These text messages should have been produced.  Please supplement Defendant's response to this request.

**RFP No. 6-7**:  These requests seek documents evidencing complaints and allegations of misconduct against Devin Conway or other gym employees by Defendant's employees and customers and any investigations or response to said complaints and allegations.  Defendant indicated in its responses that no such documents exist.  As discussed above, Defendant's own document production demonstrates that there were other complaints of misconduct against Mr. Conway.

**RFP No. 12**:  Request No. 12 seeks all documents from the Slack forum "time clock."  Ms. Kubas indicates that such a forum existed, yet Defendant has indicated that there are no responsive documents.  Plaintiff's instructions for the Requests for Production of Documents specified that Plaintiff was requesting documents "in the actual or constructive possession, custody, or control of Defendant, Defendant's attorney(s) or agent(s), or which are believed by Defendant, Defendant's attorney(s) or agent(s) to exist or *previously to have existed*."  If Defendant previously had responsive documents in its possession, which were subsequently lost or destroyed, it should so state and provide an explanation for the destruction or loss.  Defendant had an obligation to preserve these documents under Federal Rule of Civil Procedure 37(e).  Rule 37(e)(1) "provides that if (1) ESI that should have been preserved in anticipation of litigation is permanently lost because a party failed to take reasonable steps to preserve it, and (2) another party is prejudiced by that loss, then (3) the Court 'may order measures no greater than necessary to cure the prejudice.'" *Eller v. Prince George's Cty. Pub. Sch.*, 2020 U.S. Dist. LEXIS 234367, *20 (D. Md. Dec. 11, 2020) (quoting Fed. R. Civ. P. 37(e)(1)).  Rule 37(e)(2) indicates that the Court may impose more severe sanctions than those available under Rule 37(e)(1) if ESI that should have been preserved is lost because a party failed to take reasonable steps to preserve

it, and it cannot be restored or replaced through additional discovery.  *Brittney Gobble Photography, LLC v. Sinclair Broad. Grp., Inc.*, 2020 U.S. Dist. LEXIS 62708, *15-16 (D. Md. April 9, 2020)(quoting Fed. R. Civ. P 37(e)(2)).  Defendant reasonably anticipated litigation from the moment Ms. Kubas complained about harassment and retaliation prior to her termination.  If Defendant destroyed or lost documents responsive to this Request (or any other request for that matter), then Defendant are required to inform Plaintiff accordingly.  Alternatively, if the requested documents still exist, please produce them immediately.

**RFP No. 15**:  This request seeks Plaintiff's personnel folder, which Defendant indicates does not exist.  Ms. Kubas indicated that Defendant maintained a personnel folder for her.  Plaintiff is uniquely aware of the existence of such a file because it was her job to compile personnel files for all employees and contractors.  Please provide a copy of Plaintiff's file or an explanation as to why it is no longer in Defendant's custody or control.

**RFP No. 19**:  Plaintiff requested "[a] copy of Plaintiff's pay stubs for the one-year period preceding her termination."  Defendant answers that it produced all responsive documents.  While Defendant provided some of Plaintiff's pay stubs for this period (*see* 331B_42-44) the production is by no means complete.  Please supplement this request accordingly.

**RFP No. 20**:  Plaintiff requested "[a] copy of Latoya Williams' pay stubs for the one-year period preceding her separation from Defendant."  Defendant indicated that it produced responsive documents, however, it only produced an "Earnings Record" for Ms. Williams which provides four months of paycheck data.  *See* 331B_62-63.  Please supplement this request accordingly.

**RFP No. 22**:  Plaintiff requested all documents concerning Ms. Williams's separation from Defendant.  Defendant indicated that all responsive documents were included in the production, however, no documents were produced.  Please supplement this request accordingly.

Although we have identified specific deficiencies in Defendant's response to the above requests for production, I note that Defendant's entire production appears to be deficient.  Plaintiff was informed that Defendant's production would be approximately one thousand (1,000) pages, yet the documents produced amount to roughly two hundred (200) pages.  Out of the roughly two-hundred pages produced, the bulk of the documents consist of Defendant's tax records (114 pages), Defendant's EEOC Position Statement (39 pages), and an unsigned and undated company handbook (16 pages).  Defendant has evidently produced those materials which were readily at hand rather than procured through a comprehensive search. Accordingly, I ask that you provide us with details regarding Defendant's search for documents so that we can determine whether we must raise this issue with the Court.

Please let me know your availability for a call this week to discuss the issues raised in this correspondence with a focus on narrowing the issues in dispute prior to involving the Court.

Sincerely,

Sundeep Hora