## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND



Chambers of  
Matthew J. Maddox  
United States Magistrate Judge  
MDD_MJMChambers@mdd.uscourts.gov

101 West Lombard Street  
Chambers 3B  
Baltimore, Maryland 21201  
(410) 962-3407

October 17, 2022

TO ALL COUNSEL OF RECORD

Re:   *Kubas v. 331B, LLC d/b/a Rockwell Fitness*  
      Civil No. MJM-20-2456

Dear Counsel:

    This letter confirms the trial date and pre-trial deadlines set out by the Court during the telephone conference held on October 14, 2022. It also provides instructions concerning trial preparation.

| | |
|---|---|
| **November 15, 2022** | Deadline for Joint Status Report regarding whether the parties have engaged in any further settlement discussions or exchanged information in furtherance of settlement, and whether a settlement or other ADR conference with a judicial officer would be useful |
| **February 20, 2023** | Deadline for Joint Proposed Pretrial Order in compliance with Local Rule 106.2 and the instructions provided herein |
| **February 20, 2023** | Deadline for Proposed Jury Instructions, Voir Dire, and Special Verdict Form, *each to be filed jointly between the parties to the extent practicable* |
| **February 20, 2023** | Deadline for Motions *in Limine* and any legal trial memoranda regarding the claims, at the option of counsel, and any limitation of evidence, if necessary<br><br>(Please note that each party may file one Motion *in Limine* addressing all issues in separate sections.) |
| **February 27, 2023** | Deadline for any Responses to Motions *in Limine* |
| **March 6, 2023** | Deadline for any Replies with respect to Motions *in Limine* |
| **March 13, 2023** | Deadline for delivering one copy of all trial exhibits in three-ring binder(s) to Judge Maddox's chambers (address listed above) |
| **March 20, 2023 at 10:00 a.m.** | Pretrial conference telephone call |
| **April 24, 2023 at 10:00 a.m.** | Jury Trial to begin (5 days, courtroom to be determined) |

Kubas v. 331B, LLC d/b/a Rockwell Fitness
Civil No. MJM-20-2456
October 17, 2022

## Voir Dire

I have enclosed my non-case specific voir dire questions, which I would expect to use in this case. Counsel should review these questions and confer with one another. After conferring, counsel should provide me with:

1.      a jointly proposed, one paragraph statement of the case to be read to the venire panel explaining the nature of the case in general terms; and

2.      case-specific voir dire questions requested by counsel, indicating whether opposing counsel objects to the proposed additional questions.

## Jury Instructions and Special Verdict Form

I have enclosed a copy of my general jury instructions, which I will use in this case. Please confer and provide me with:

1.      any jointly proposed **case-specific instructions not covered in the materials I have enclosed**, if necessary;

2.      a jointly proposed special verdict form (if possible); and

3.      where the parties cannot agree on joint submissions, counsel should submit separately their proposed case-specific instructions or special verdict forms, specifically identifying the disputed issues.

Any additional jury instructions you propose should (1) be typed one instruction per page and (2) be numbered and assembled in the order in which you request that they be read to the jury. Parties should rely on pattern instructions whenever possible. My preferred sources are Sand, Siffert, et al., Modern Federal Jury Instructions; O'Malley, et al., Federal Jury Practice and Instructions; or Maryland Pattern Jury Instructions, as appropriate. If you change a pattern instruction in any way, please make the changes clear by underlining additions and [bracketing] deletions, and note after the citation that the proposed instruction is "modified." If you propose a non-pattern instruction, please include a citation of the authorities supporting the instruction.

For all proposed jury instructions, special verdict forms, and voir dire questions, in addition to filing them via CM/ECF, please send a hard copy to chambers and e-mail a copy in Microsoft Word format to MDD_MJMChambers@mdd.uscourts.gov.

## Guaranteeing Witness Availability

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2.i., as "expect[ed] to present" at trial.

Kubas v. 331B, LLC d/b/a Rockwell Fitness
Civil No. MJM-20-2456
October 17, 2022

## Disclosure of Opinions of Expert Witnesses

In addition to the information required by Local Rule 106.2.j, the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a) who may testify at trial. The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(B) separately from those designated pursuant to Rule 26(a)(2)(C).

## Exhibits

Please be prepared to advise me at the pretrial conference if there are any objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2.h. Any objections not disclosed at that time or in the proposed pretrial order, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown. Fed. R. Civ. P. 26(a)(3).

All exhibits must be tagged and numbered prior to trial in accordance with Local Rule 106.7.a. You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7.b.

Copies of the parties' proposed exhibits must be in a three-ring binder. The parties should attempt to agree on the admissibility of all exhibits and inform the Court of those exhibits about which agreement cannot be reached. Those exhibits will be discussed at the pretrial conference. The parties should provide, in addition, impeachment exhibits each intends to offer into evidence at trial. Impeachment exhibits need not be disclosed to other parties.

## Use of Courtroom Equipment

The Court has available for your use an electronic evidence presentation system, as well as a DVD player and video monitors. If you would like to schedule an information session with the Information Technology Department about the available technology in the courtroom, please contact Chambers at least one month before trial to coordinate. More information can be found on our Court's website: https://www.mdd.uscourts.gov/courtroom-technology. Please be prepared to advise me at the conference if you would like to use any courtroom equipment at trial.

## Objections to Evidence

**All objections to evidence, other than objections based on relevance or prejudice/ confusion/ waste of time, are waived if not raised by the parties in their pretrial order.**

Fed. R. Civ. P. 26(a)(3) requires the parties to provide pretrial disclosure of the evidence that they intend to present at trial. Under Local Rule 106.4,[1] the parties' timely submission of a pretrial order constitutes compliance with Fed. R. Civ. P. 26(a)(3).

---

[1] Local Rule 106.4(c) provides that "[s]ubmission of a pretrial order containing the information required by L.R. 106.2 within the time limits prescribed by L.R. 106.3 and L.R. 106.4 shall be deemed to constitute compliance with Fed. R. Civ. P. 26(a)(3)."

Kubas v. 331B, LLC d/b/a Rockwell Fitness
Civil No. MJM-20-2456
October 17, 2022

      Fed. R. Civ. P. 26(a)(3) also provides that objections, other than objections under Fed. R. Evid. 402 (Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible) and Fed. R. Evid. 403 (Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time), to pretrial disclosures that are not raised within 14 days of the disclosure are waived unless excused by the Court for good cause shown. Therefore, a party's failure to raise objections to evidence listed in the pretrial order submitted under Local Rule 106.4 is deemed to be a waiver of that party's right to object to those items at trial, other than on grounds of relevance or prejudice/ confusion/ waste of time.

      The parties are directed to not file any other motions, objections, or other pleadings without permission from the Court.

## Trial Instructions

      Please read carefully the attached memorandum entitled "Instructions to Counsel Regarding Jury Trial Procedure and Conduct." You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

## Settlement

      Unless the Court is notified of any settlement no later than **one full business day** prior to the day on which the trial is scheduled to begin, jury costs will be imposed in accordance with Local Rule 107.4. Ordinarily, in civil cases 25-28 potential jurors are called as members of the venire panel, and the cost per juror is approximately $70.

      Notwithstanding the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

      Sincerely,

      /s/

      Matthew J. Maddox
      United States Magistrate Judge