UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **KIMBERLY KUBAS** )<br>      Plaintiff, )<br>         )<br>  v.        )  Civil Action No. 1:20-cv-2456 (MJM)<br>         )<br>**331B, LLC**     )<br>**(D/B/A ROCKWELL FITNESS)** )<br>         )<br>     Defendant. )<br>         ) | |

## JOINT PRETRIAL STATEMENT

**1. Parties' Statement of Facts and Legal Theories in Support**

  a. <u>Plaintiff Kim Kubas</u>

After thirteen years of employment, in June of 2019, Plaintiff Kimberly Kubas, was terminated from her position as an Administrative Assistant shortly after complaining about sexual harassment and retaliation by the gym's General Manager, Devin Conway. Ms. Kubas will show that she was terminated shortly after she told the gym's owners, Brian Chisholm and Sid Saab, that Mr. Conway had sexually harassed her and other female employees at the gym, and that Mr. Conway was retaliating against her after he learned about Ms. Kubas's allegations. Ms. Kubas will also show that Mr. Chisholm terminated her within hours after Mr. Conway told Mr. Chisholm that a rumor was circulating at the gym that Mr. Conway was being fired due to Ms. Kubas's allegations against him. In support of her claim for retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e, *et seq*, Plaintiff will show that she engaged in protected activity by complaining, both verbally and in writing, about Mr. Conway's

unlawful conduct towards her, and that there is a causal connection between her protected activity and Defendant's decision to terminate her.

      b. <u>Defendant</u>

Plaintiff Kimberly Kubas has brought this action against her former employer, Defendant 331B, LLC claiming that she was retaliated against by Defendant 331B, LLC for engaging in a protected activity, specifically that she complained of sexual harassment by a co-worker, Devin Conway. Defendant will prove that, rather than retaliate against Plaintiff, Defendant's owner Brian Chisholm investigated the allegations and found them to be unsubstantiated after interviewing all witnesses that Plaintiff indicated had information about the alleged sexual harassment. After concluding the investigation, Mr. Chisholm met with Plaintiff and devised a plan to move forward following the allegations and develop a strategy for growing the business. Defendant's did not take adverse employment action against Plaintiff Kimberly Kubas because they did not terminate Plaintiff. Plaintiff is unable to prove a causal connection between the alleged protected activity and any adverse employment action. If Defendant's actions are construed as terminating Plaintiff, then Defendant had a legitimate, non-retaliatory reason for terminating her employment. Plaintiff is unable to prove that Defendant's legitimate, non-retaliatory reason for terminating her employment was pretextual.

2. **Amendments to the Pleadings**

      a. Plaintiff submits a proposed Amended Complaint to clarify allegations based on facts learned during discovery and to fix typographical errors. Plaintiff's proposed Amended Complaint is attached hereto as **Attachment 1**.

b. **Defendant's Objection**: Defendant does not consent to Plaintiff's filing of an Amended Complaint. If the Court grants Plaintiff leave to amend her Complaint, Defendant will necessarily need to file an Amended Answer.

3. **Stipulations of Fact**

    a. Joint Stipulations

        1) Ms. Kubas was hired in April 2006.

        2) Defendant 331B LLC purchased the gym in August 2018 and later renamed it Rockwell Fitness.

    b. Plaintiff's Requested Stipulations [any agreed stipulations will be moved to 3a]

        1) LaToya Butler Williams started working at the gym around 2000.

        2) Plaintiff was terminated on June 21, 2019.

    c. Defendant's Requested Stipulations-None

4. **Details of Plaintiff's Damages Claim**-Plaintiff seeks the following relief:

    a. Compensatory damages for the emotional distress and deprivation of rights Defendant caused;

    b. Backpay and lost benefits;

    c. Punitive damages;

    d. Declaratory judgment finding that Defendant violated Title VII;

    e. Injunction against future discrimination; and

    f. Attorney's fees and costs.

5. **Exhibit List**

    a. Joint Exhibit List- **None**.

    b. Plaintiff's Exhibit List with Defendant's Objections and Plaintiff's Response- **Attachment 2**

    c. Defendant's Exhibit List with Plaintiff's Objections and Defendant's Response- **Attachment 6**

6. **Witness List**

    a. <u>Plaintiff</u>- *Name, address and telephone number of each witness other than those for impeachment purposes.*

    **Will Call:**

    1) Kim Kubas
       500 Benforest Drive
       Severna Park, MD 21146

    2) Brian Chisholm
       258 Moreau Lane
       Severna Park, MD 21146
       (443) 995-1520

    3) Sid Saab
       2120 Bell Tower Drive
       Crownsville, MD 21032

    **May Call:**

    4) Billy Williams
       336 Gatewater Court, Apartment 104
       Glen Burnie, MD 21060

    5) Devin Conway
       205 Ullman Road
       Pasadena, MD 21122
       (410) 804-4972

    6) Latoya Williams
       336 Gatewater Court, Apartment 104
       Glen Burnie, MD 21060
       (410) 693-8223

7) Kat Salemi
   244 Old Millbottom Road South
   Annapolis, MD 21409
   (410) 570-3525

8) Don Behan
   373 Buford Ave
   Gettysburg PA 17325
   717-398-2885

9) Michele Behan
   373 Buford Ave
   Gettysburg PA 17325
   717-398-2885

b. <u>Defendant</u> - *Name, address and telephone number of each witness other than those for impeachment purposes.*

Defendant will call:

1) Kim Kubas
   500 Benforest Drive
   Severna Park, MD 21146

2) Brian Chisholm
   258 Moreau Lane
   Severna Park, MD 21146
   (443) 995-1520

3) Sid Saab
   2120 Bell Tower Drive
   Crownsville, MD 21032

Defendant may call

4) Billy Williams
   336 Gatewater Court, Apartment 104
   Glen Burnie, MD 21060

5) Devin Conway
   205 Ullman Road
   Pasadena, MD 21122
   (410) 804-4972

5

      6) Latoya Williams
          336 Gatewater Court, Apartment 104
          Glen Burnie, MD 21060
          (410) 693-8223

      7) Kat Salemi
          244 Old Millbottom Road South
          Annapolis, MD 21409
          (410) 570-3525

**7.**     **Fed. R. Civ. P. 32(a)(4) Deposition Designations**

    a.   <u>Plaintiff's Deposition Designations</u>

      **1) Billy Williams**

008:11 - 009:07; 009:11 - 010:08; 010:14 - 010:22; 011:05 - 011:08; 011:15 - 012:22; 013:06 - 013:09; 016:03 - 016:13; 021:01 - 023:15; 024:09 - 025:02; 025:08 - 025:13; 026:01 - 026:17; 028:08 - 029:05; 029:13 - 032:08; 032:13 - 032:21; 033:08 - 033:19; 034:19 - 036:08

      **2) Devin Conway**

004:10 - 004:17; 006:12 - 006:16; 007:13 - 007:15; 010:10 - 011:11; 046:04 - 046:07; 047:02 - 047:06; 050:13 - 051:03; 052:05 - 053:05; 055:01 - 055:22; 056:03 - 057:20; 065:22 - 070:06; 071:01 - 071:14; 073:21 - 075:11; 076:12 - 078:14; 079:11 - 080:06 ;083:04 - 083:11; 084:07 - 085:22; 086:08 - 089:01; 089:07 - 094:11; 095:21 - 096:21; 099:15 - 107:22; 109:02 - 110:20; 111:13 - 112:04; 113:01 - 116:06; 116:13 - 118:22; 119:19 - 120:01; 131:05 - 132:11; 133:07 - 133:22; 134:02 - 138:03; 138:13 - 139:14; 143:12 - 143:21; 147:04 - 148:07; 149:07 - 151:07; 153:04 - 154:01; 154:18 - 158:10; 159:12 - 160:06; 161:13 - 163:11; 163:15 - 170:20; 171:11 - 172:06; 172:12 - 172:19; 175:05 - 177:02; 192:04 - 193:05

    b.   <u>Defendant's Deposition Designations</u>

Defendant objects that witnesses Billy Williams and Devin Conway are unavailable within the meaning of Rule 32(a)(4) of the Federal Rules of Civil Procedure. Plaintiff has made no showing that the witnesses are unavailable. In the event that Plaintiff makes a showing that the witnesses are unavailable, Defendant reserves the right to make deposition designations.

      **1) Plaintiff's Response:** The parties were obligated to provide deposition designations with the joint pretrial statement, which is obviously before

subpoenas have been issued and discovering whether a witness would be available or not.

8. **Proposed Jury Instructions**

   a. Joint Proposed Additional Jury Instructions- **None**.

   b. Plaintiff's Proposed Additional Jury Instructions- **Attachment 3**

      1) Defendant's Objections and Plaintiff's Reply to Plaintiff's Proposed Jury Instructions – **Attachment 3a**

   c. Defendant's Proposed Additional Jury Instructions-Attachment **Attachment 7**

      1) Plaintiff's Objections and Defendant's Reply to Defendant's Proposed Jury Instructions- **Attachment 7a**

9. *Voir Dire*

   a. **Jointly Proposed Description of Case to Jury**

      1) <u>Plaintiff proposed description of case</u>:  Plaintiff Kim Kubas claims that she was terminated as an Administrative Assistant by Bryan Chisholm and Sid Saab, the two owners of Defendant Rockwell Fitness, shortly after she told them that the gym's General Manager, Devin Conway was retaliating against her and had previously sexually harassed her and other female employees.  Ms. Kubas claims that Defendant terminated her shortly after she reported Mr. Conway in retaliation for her exercising her rights under Title VII of the Civil Rights Act of 1964.  Defendant denies any wrongdoing or that it violated her rights under the Act.

7

       2) <u>Defendant</u>: Plaintiff Kim Kubas claims that her employment was terminated as an Administrative Assistant by Bryan Chisholm and Sid Saab, the two owners of Defendant Rockwell Fitness, shortly after she told them that the gym's General Manager, Devin Conway was retaliating against her and had previously sexually harassed her. Ms. Kubas claims that Defendant terminated her employment shortly after she reported Mr. Conway in retaliation for her exercising her rights under Title VII of the Civil Rights Act of 1964. Defendant denies any wrongdoing or that it violated her rights under the Act because Defendant had a legitimate non-retaliatory reason for terminating Plaintiff's employment, namely that Plaintiff Kimberly Kubas was stealing time by clocking herself into the timekeeping system while not actually performing work for Defendant.

   b. <u>Plaintiff's Case Specific Voir Dire Questions</u> **Attachment 4**

       1) Defendant's Objections and Plaintiff's Response to Plaintiff's Case Specific Voir Dire Questions-**Attachment 4a**

   c. <u>Defendant's Case Specific Voir Dire Questions</u>- **Attachment 8**

       1) Plaintiff's Objections and Defendant's Response to Defendant's Case Specific Voir Dire Questions-**Attachment 8a**

**10. Special Verdict Form**

   a. Jointly Proposed Verdict Form- None

   b. <u>Plaintiff's Proposed Verdict Form with Defendant's Objections and Plaintiff's Response</u>-**Attachment 5**

    c.  <u>Defendant's Proposed Verdict Form with Plaintiff's Objections-</u> **Attachment 9**

        1) Defendant's Response to Plaintiff's Objections to Defendant's Proposed Verdict Form- **Attachment 9a**

**11.** **Motions or Other Matters To Be Addressed by the Court**

    a.  <u>Plaintiff</u> anticipates filing Motions in limine by the deadline proposed in the Scheduling Order.

    b.  <u>Defendant</u> anticipates filing Motions *in limine* by the deadline proposed in the Scheduling Order.

Date: February 27, 2023                Respectfully Submitted,

| /s/ Sundeep Hora | /s/ Jason Buckel |
|---|---|
| Sundeep Hora (Bar. No. 28208) | Jason Buckel |
| ALDERMAN, DEVORSETZ & HORA PLLC | T. Lee Beeman, Esq. |
| 1025 Connecticut Ave., NW, Suite 615 | BUCKEL, LEVASSEUR, PILLAI & BEEMAN, LLC |
| Washington, D.C. 20036 | 206 Washington Street |
| Tel. 202.969.8220 | Cumberland, MD 21502 |
| Fax 202.969.8224 | 301-759-3700 |
| E-mail: shora@adhlawfirm.com | E-mail: Lbeeman@blpblaw.com |
| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |