**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| **KIMBERLY KUBAS** | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  1:20-cv-2456 (MJM) |
| | ) |
| **331B, LLC** | ) |
| **(D/B/A ROCKWELL FITNESS)** | ) |
| | ) |
| Defendant**.** | ) |
| _____ | ) |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
STATUS OF SID SAAB AND BRIAN CHISHOLM AS MEMBERS OF THE
MARYLAND GENERAL ASSEMBLY**

---

**NOW COMES** Defendant 331B, LLC, by and through its counsel, Jason C. Buckel, T. Lee Beeman, Jr., and Buckel, Levasseur, Pillai & Beeman, LLC, and files this memorandum of law in support of its *Motion in Limine to Exclude Status of Sid Saab and Brian Chisholm as Members of the Maryland General Assembly*, and in support thereof, states the following:

I.   <u>**Introduction and Statement of Facts**</u>

Plaintiff Kimberly Kubas ("Kubas") filed the instant action against Defendant 331B, LLC, alleging that her termination from employment with 331B, LLC's d/b/a entity, Rockwell Fitness ("Rockwell") was effected as retaliation following her complaints that she and other female employees were sexually harassed by a co-worker, Devin Conway ("Conway") and that Devin Conway had retaliated against her after she complained of his sexual harassment.

Rockwell alleges that it had a legitimate, nondiscriminatory reason for terminating Kubas' employment, namely that she was clocking into the employer's timekeeping system during periods she was not actually working; in essence Rockwell alleges that Kubas was stealing time from the employer.

1

Defendant Rockwell is owned by Sid A. Saab ("Saab") and Brian A. Chisholm ("Chisholm").  Saab served as a member of the House of Delegates in the Maryland General Assembly between January 14, 2015 and January 11, 2023, representing House District 33.[1] Chisholm has served as a member of the House of Delegates in the Maryland General Assembly since January 9, 2019, representing House District 31B until January 11, 2023 and House District 31 since January 11, 2023.[2]

Plaintiff, by consistently referring to Saab and Chisholm using their honorific titles (e.g. "Former Delegate Sid Saab" and "Delegate Brian Chisholm"), has attempted to make material Saab and Chisholm's status in the Maryland General Assembly. *See*, *e.g.*, Plaintiff's Complaint [ECF 001]; Plaintiff's Amended Complaint (Attachment 1 to Pre-Trial Memorandum) [ECF 64-1 at 1-14]; and Plaintiff's Case Specific Voir Dire Questions (Attachment 4 to Pre-Trial Memorandum) [ECF 64-1 at 58-60].

## II.    Legal Standard

The Federal Rules of Evidence provide that evidence is relevant if, (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.  Irrelevant evidence is not admissible. Fed. R. Evid. 402.  When the probative value of evidence is substantially outweighed by a danger of unfair prejudice or may confuse the jury, the Court may exclude otherwise relevant evidence. Fed. R. Evid. 403.  When evaluating evidence under Rule 403, the district court must conduct a balancing test in order to determine whether the evidence sought to be excluded is more prejudicial than probative. *Id*. If the evidence's probative value is substantially outweighed by its potential to

---

[1] https://msa.maryland.gov/msa/mdmanual/06hse/former/html/msa17072.html
[2] https://msa.maryland.gov/msa/mdmanual/06hse/html/msa18029.html

prejudice, mislead, or confuse the jury, the district court should preclude its introduction. *Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986) (noting that judges have "wide latitude to exclude evidence that is repetitive..., only marginally relevant, or poses an undue risk of harassment, prejudice, [or] confusion of the issues." (internal quotation marks omitted)); see also *Van Arsdall*, 475 U.S. at 679 (1986).

### III.  Argument

#### A.  Saab and Chisholm's status as members of the Maryland General Assembly is wholly irrelevant to the instant matter.

Rule 401 of the Federal Rules of Evidence states that evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Plaintiff's claim for retaliation is based upon the actions of Saab and Chisholm in their role as owner of Rockwell. Kubas alleges that she was sexually harassed by her co-worker, Devin Conway. She further alleges that Conway sexually harassed other women employed by Rockwell. She alleges that after she complained of Conway sexually harassing her and others, Conway retaliated against her. Finally, Kubas alleges that when she brought the foregoing allegations to the attention of Rockwell owners Saab and Chisholm that they terminated her employment as a result thereof. Plaintiff avers no single factual allegation that brings Saab or Chisholm's status as (former) Delegates in the Maryland General Assembly into relevance. The fact that Saab and Chisholm held state office has no tendency to make a fact more or less probable than it would be without the evidence. Similarly, the fact that Saab and Chisholm held public office is not of consequence in determining the action.

#### B.  Even if this Court finds Saab and Chisholm's status as members of the Maryland General Assembly as relevant, the probative value is substantially outweighed by the risk of prejudice or confusing the jury.

What possible motive could Plaintiff have to try and introduce Saab and Chisholm's status as members of the Maryland General Assembly to the jury other than to attempt to prejudice or confuse the jury? When the probative value of evidence is substantially outweighed by a danger of unfair prejudice or confusion to the jury, the Court may exclude otherwise relevant evidence. Fed. R. Evid. 403.  It is without question that the public as a whole generally holds members of the legislature in ill-regard.  *See*, Lammers J, Pauels E, Fleischmann A, Galinsky AD. Why People Hate Congress but Love Their Own Congressperson: An Information Processing Explanation. Pers Soc Psychol Bull. 2022 Mar;48(3):412-425. doi: 10.1177/01461672211002336. Epub 2021 Apr 17. PMID: 33870799(Explanation); Cooper, J. (1999). Congress And The Decline Of Public Trust (1st ed.). Routledge. https://doi.org/10.4324/9780429501418 (Discussing that distrust in Congress is a general phenomenon and argues that there are strong ties between distrust in the ability of government to produce and implement policies and offers explanations to why distrust in Congress both persists and varies over time); Whittington, K. (2019). Hating on Congress: An American Tradition.   Gallup.   https://news.gallup.com/opinion/gallup/262316/hating-congress-american-tradition.aspx (Documenting Congressional approval from 1975 through 2019); Murse, T. (2017). Congress Approval Ratings Through History: Why Americans Hate Congress But Keep Electing Their Congressman. ThoughtCo. https://www.thoughtco.com/congress-approval-ratings-through-history-3368257 (Outlining Congressional approval ratings from the 1970s through 2016).  The general public's approval rating of our nation's has only passed 50% once in the last 48 years. Murse, T. (2017). Congress Approval Ratings Through History: Why Americans Hate Congress But Keep Electing   Their Congressman. ThoughtCo. https://www.thoughtco.com/congress-approval-ratings-through-history-3368257. When polling on the approval ratings of the Maryland General Assembly, Goucher found that in 2015, only 46% of those polled approved of the

performance of the Maryland General Assembly. Goucher. February 2015.
https://www.goucher.edu/hughes-center/documents/Goucher-Poll-Wednesday-Feb-25-Release-
FINAL.pdf.

**IV.**    **Conclusion**

Saab and Chisholm's status as members of the Maryland General Assembly is wholly
irrelevant to the instant matter. Even if this Court finds Saab and Chisholm's status as members
of the Maryland General Assembly as relevant, the probative value is substantially outweighed
by the risk of prejudice or confusing the jury.  As a result thereof, Defendant 331B, LLC moves
this Court to exclude Sid Saab and Brian Chisholm's status as members of the Maryland General
Assembly and for such further relief as this Court deems necessary and just.

Respectfully submitted,

_____/ s /_____
Jason C. Buckel, Bar Number: 24766
T. Lee Beeman, Jr., Bar Number: 19613
Buckel, Levasseur,
Pillai & Beeman, LLC
206 Washington, Street
Cumberland, Maryland 21502
Tel: (301) 759-3700
Email: lbeeman@blpblaw.com
*Counsel for Defendant*

5

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 27th day of February, 2023, a true and correct copy of the foregoing was served by e-mail on the following:

Sundeep Hora (Bar. No. 28208) (shora@adhlawfirm.com)
Emma Eckert (eEckert@adhlawfirm.com)

_____
/ s /
By: T. Lee Beeman, Jr., Bar No. 19613

6