UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **KIMBERLY KUBAS** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:20-cv-2456 (MJM) |
| | ) | |
| **331B, LLC** | ) | |
| **(D/B/A ROCKWELL FITNESS)** | ) | |
| | ) | |
| Defendant**.** | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE STATUS OF SID SAAB AND BRIAN CHISHOLM AS <u>MEMBERS OF THE MARYLAND GENERAL ASSEMBLY</u>**

Plaintiff, by and through her undersigned counsel, respectfully submits her Opposition to Defendant's motion *in limine* to exclude the status of Sid Saab and Brian Chisholm as Members of the General Assembly.

Messrs. Chisholm and Saab became public figures when they were elected to the Maryland General Assembly.  Defendant seeks an order from the Court to exclude any mention of their status as public figures, even though such a request is impracticable because some in the jury pool will already know who Chisholm and Saab are because they are elected officials in Maryland.  Even if the Court could create this fiction, Defendant has failed to demonstrate that revealing their status would be prejudicial, instead relying on speculation that Defendant will be prejudiced if the jury is made aware of their status.  This is not enough to demonstrate prejudice under FRE 403.

Plaintiff recognizes that constituents who voted for or against Chisholm and Saab should be excused for cause.  This is why Plaintiff included questions addressing this issue in her

1

proposed voir dire. Defendant objected to these questions even though they address the one aspect that could be prejudicial to either party: constituents who are jurors likely have a predetermined negative or positive view of Chisholm or Saab, depending on whether they voted for them or not.

Ensuring an unbiased jury pool is distinct from the question of whether their status as Members is a relevant issue for trial. The events leading up to Ms. Kubas's termination and shortly thereafter are the material issues in this case. A single reference to Saab and Chisholm's honorific titles in the Complaint (or in the proposed Amended Complaint) does not transform their "status" as Members into a "material fact," that requires excessive attention at trial, but that does not necessarily mean that this issue is irrelevant. Chisolm, himself, has emphasized his status as an elected official and even asked that it be considered in how he conducted the investigation into Ms. Kubas's claims against Conway:

> I took this very seriously and shared my conversation with my business partner Sid Saab at the time. I told him I wanted to make sure to find the truth and I would dedicate all resources to uncovering this truth. **Sid and I are both public officials and as such, we are held to a higher standard and must be fully committed to the truth, safety and fairness.**

Ex. 1 (331B 662) ("Kimberly Kubas Timeline" authored by B. Chisholm) (emphasis added). *See also* Chisolm Dep. 32:12-15 ("Personally, my wife wanted to make sure that people knew what the truth was and I told her **I'm a man of very high character. I have a solid reputation in this community**."). In addition to placing their status as Members of the General Assembly at issue, it is conceivable that Saab and Chisholm used their status to influence witnesses in this case. There are several communications and interactions between Chisholm and the female employees who initially complained about Conway's harassment to Ms. Kubas, but later denied it when questioned by Chisholm. The fact that Chisholm and Saab are elected officials and have "solid

reputations in the community," plausibly explains why these witnesses would not want to expose the general manager who Chisholm and Saab handpicked to run their gym.

     Defendant's are unable to make a showing of undue prejudice here.  The prejudice referenced in Rule 403 must be "unfair" or "unduly" prejudicial, meaning "evidence [that] runs such a high risk of leading the jury to base its verdict on improper grounds." *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 996 (4th Cir. 2020); *see also*, *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) ("[Rule 403] does not bar powerful, or even 'prejudicial' evidence. Instead, the Rule focuses on the 'danger of unfair prejudice . . . .'").  "The prejudice which [Rule 403] is designed to prevent is jury emotionalism or irrationality." *United States v. Fernandez*, No. 91-5816, 1992 U.S. App. LEXIS 33242, at *5 (4th Cir. Dec. 21, 1992) (internal citation omitted).

     The fact that Chisholm and Saab are public officials and Members of the General Assembly is not unfair or unduly prejudicial.  Defendant tries to connect their status with undue prejudice by stacking speculative assertion upon speculative assertion.  Defendant argues that studies show that people dislike and do not trust the U.S. Congress, therefore people do not like legislators, therefore it is *likely* that this sentiment applies to local elected officials and that this non-specific malaise towards legislators is so prejudicial that Defendant cannot get a fair trial.  Defendant 331B even cite a poll from eight years ago that only 46% of those polled approved of the performance of the Maryland General Assembly.  This eight-year-old poll concerning the Assembly's performance is useless in determining whether Saab or Chisholm's status as Members would cause undue prejudice.

     Finally, Plaintiff respectfully asserts that a limiting instruction is not necessary, however, Defendant fails to argue (or even mention) why a limiting instruction would not minimize or

eliminate any real or imagined prejudicial impact. *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980) ("A proper limiting instruction can abate the prejudicial impact of extrinsic evidence.").

## Conclusion

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendant's Motion *in Limine* as it is unnecessary and because Defendant has failed to show any potential prejudicial impact on its ability to obtain a fair trial simply because Chisholm and Saab serve or served in the Maryland General Assembly.

Dated: March 6, 2023

                                            /s/ Sundeep Hora
                                       Sundeep Hora (Bar. No. 28208)
                                       Emma Eckert (PHV)
                                       ALDERMAN, DEVORSETZ & HORA PLLC
                                       1025 Connecticut Ave., NW, Suite 615
                                       Washington, D.C. 20036
                                       Tel. 202.969.8220
                                       Fax 202.969.8224
                                       E-mail: shora@adhlawfirm.com

                                       **COUNSEL FOR PLAINTIFF**