UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **KIMBERLY KUBAS** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:20-cv-2456 (MJM) |
| | ) | |
| **331B, LLC** | ) | |
| **(D/B/A ROCKWELL FITNESS)** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OMNIBUS MOTION IN LIMINE**

**NOW COMES** Defendant 331B, LLC, by and through its counsel, Jason C. Buckel, T. Lee Beeman, Jr., and Buckel, Levasseur, Pillai & Beeman, LLC, and files this memorandum of law in support of its *Response to Plaintiff's Omnibus Motion in Limine*, and in support thereof, states the following:

**I.     Plaintiff's Motion to preclude Defendant from offering any evidence or otherwise alluding to offers of settlement.**

Defendant 331B, LLC does not oppose Plaintiff's request.

**II.     Plaintiff's Motion to preclude Defendant and witnesses from offering personal opinions on the merits of the lawsuit or the credibility [of] Plaintiff.**

Plaintiff attempts to exclude the testimony of a number of witnesses that offer conflicting testimony on the premise that such testimony is opinion on the merits of the lawsuit or the credibility of Plaintiff.  Plaintiff gives the example of Riley Mayer claiming "[Plaintiff" is nuts!" but then properly notes that Defendant has not even listed Riley Mayer as a witness.  To the extent that Defendant intends to call Riley Mayer or any other witness for the purpose of

1

impeaching the testimony of Plaintiff or any other witness, the testimony should be permitted as admissible pursuant to the Federal Rules of Evidence.

Should Defendant introduce evidence of Riley Mayer or any other witness that is intended to provide a separate and distinct factual recitation of material events, that evidence would not be impermissible, but rather just relevant factual testimony.  Even if Defendant were to introduce opinion evidence from Riley Mayer or others, such evidence can be permitted under Rule 701 of the Federal Rules of Evidence:

> "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> **(a)** rationally based on the witness's perception;
>
> **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue;"

Fed. R. Evid. 701

While Plaintiff claims that a determination of credibility falls within the sole province of the jury, witnesses may indeed be called to offer testimony that affects a determination of credibility. Fed. R. Evid. 607-609.  Generally, "any party, including the party that called the witness, may attack the witness's credibility." Fed. R. Evid. 607.  Courts have held that the "Test of propriety of impeaching testimony is relevancy."  *Livergood v. S.J. Groves & Sons Co.*, W.D.Pa.1965, 254 F.Supp. 879. Bad reputation of witness for truth and veracity in community in which he lives should be admitted as going to weight of his evidence and his credibility.  *U.S. v. Truslow*, C.A.4 (W.Va.) 1975, 530 F.2d 257. With respect to testimony offered to impeach a witness by showing the reputation of the witness for truth and veracity, there is no restriction limiting the testimony to the community in which the witness lives;  community in which witness

in question worked, a law office, was a proper locality in which to prove the witness' reputation or character for truthfulness or untruthfulness. *U.S. v. Mandel*, C.A.4 (Md.) 1979, 591 F.2d 1347, on rehearing 602 F.2d 653, rehearing denied 609 F.2d 1076, certiorari denied 100 S.Ct. 1647, 445 U.S. 961, 64 L.Ed.2d 236.

Defendant should be permitted to call Riley Mayer or any other witness for the purpose of impeaching the testimony of Plaintiff or others. That testimony should be permitted to include any witness' factual account of events and the reputation of the witness for truth and veracity. If that impeachment witness proffers opinion testimony, Defendant will lay a proper foundation showing that the testimony seeking to be admitted is rationally based on the witness's perception and helpful to clearly understanding the witness's testimony or to determining a fact in issue.

Defendant moves this Court to deny Plaintiff's instant motion *in limine* because the testimony contemplated is admissible under the Federal Rules of Evidence.

**III.** **Plaintiff's Motion to preclude testimony of Messrs. Chisholm and Saab conflating their status as public officials and purported duty to tell the truth and ensure safety and fairness of their employees**.

Plaintiff has withdrawn this Motion.

**IV.** **Plaintiff's Motion to exclude evidence of Defendant's Employee Handbook**

Plaintiff seeks to exclude the Rockwell Fitness Employee Handbook in effect at the time during which the matters complained of in Plaintiff's Complaint occurred. Defendant intends to introduce Defendant's Exhibit 11, which contains an e-mail chain, originating from Defendant's former General Manager Ryan vanBrackel to, among others, Kim Kubas; which e-mail was forwarded by Rockwell employee Devin Conway to Brian Chisholm, a

copy of which is attached hereto as Exhibit A. In said e-mail chain, Kim Kubas is shown to have received a copy of Defendant's Exhibit 12.

Plaintiff's argument that it cannot be confirmed whether Plaintiff ever actually received a copy of the Handbook in question or whether the handbook was "in effect" at the time of the incident are entirely relevant and proper cross-examination questions, but do not themself prevent the introduction or admission of Exhibit 12 into evidence. The fact that there "have been tons of manuals" is further fruit for cross-examination, but this too does not make the evidence inadmissible.

Defendant moves this Court to deny Plaintiff's instant motion *in limine* because the testimony contemplated is admissible under the Federal Rules of Evidence.

### V.   Conclusion

Defendant moves this Court to deny Plaintiff's Motion *in limine* as outlined above for the foregoing reasons and for such further relief as this Court deems necessary and just.

Respectfully submitted,

/ s /
Jason C. Buckel, Bar Number: 24766
T. Lee Beeman, Jr., Bar Number: 19613
Buckel, Levasseur,
Pillai & Beeman, LLC
206 Washington, Street
Cumberland, Maryland 21502
Tel: (301) 759-3700
Email: lbeeman@blpblaw.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of March, 2023, a true and correct copy of the foregoing was served by e-mail on the following:

Sundeep Hora (Bar. No. 28208) (shora@adhlawfirm.com)
Emma Eckert (eEckert@adhlawfirm.com)

/ s /
By: T. Lee Beeman, Jr., Bar No. 19613