UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **KIMBERLY KUBAS** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-2456 (MJM) |
| | ) | |
| **331B, LLC** | ) | |
| **(D/B/A ROCKWELL FITNESS)** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
OMNIBUS MOTION IN LIMINE**

Plaintiff, by and through her undersigned counsel, respectfully submits her reply to Defendant's Opposition to her omnibus motion *in limine* to exclude certain evidence as discussed herein.

**Motion in *Limine* No. 1:** **To preclude Defendant from offering any evidence or otherwise alluding to offers of settlement.**

Defendant does not oppose Plaintiff's request to preclude Defendant from offering any evidence or otherwise alluding to offers of settlement and to redact any discussion of settlement offers from documents in this case.

**Motion in *Limine* No. 2:** **To preclude Defendant and witnesses from offering personal opinions on the merits of the lawsuit or the credibility of Plaintiff.**

Plaintiff does <u>not</u> seek an order excluding a witness's opinion testimony that is based on personal knowledge of a material issue in this case. Rather, Plaintiff argues that it would be highly prejudicial and not probative if a witness made uncorroborated or unsupported contentions concerning Ms. Kubas's credibility or the validity of her suit. The example that

1

Plaintiff used in her Motion was Riley Mayer's unsupported opinion testimony that Ms. Kubas was "NUTS lol." Whether or not Mr. Chisholm's friends believe that Ms. Kubas is crazy or that her allegations, of which they have no personal knowledge, lacks merit is not admissible under FRE 701 because it is not helpful to the jury's understanding of the witness's testimony or in determining a fact in issue. Such testimony is also highly prejudicial under FRE 403 because it portrays Ms. Kubas in a negative light without any basis and tells the jury how it should find with respect to her credibility. *See Miller v. Tyco Elecs., Ltd.*, No. 1:10-cv-2479, 2012 U.S. Dist. LEXIS 164531, at *18 (M.D. Pa. Nov. 14, 2012) ("[e]valuation of evidence, drawing of inferences, and credibility determinations are within the province of the jury; not Plaintiff's past co-workers.").

**Motion in *Limine* No. 3:**  **To preclude testimony from Messrs. Chisholm and Saab conflating their status as public officials and purported duty to tell the truth and ensure safety and fairness of their employees.**

Plaintiff withdrew this motion.

**Motion in *Limine* No. 4:**  **To exclude evidence of Defendant's Employee Handbook.**

It would be error if the Court allowed Defendant to admit Def. Exs. 6 (331B 178-198) and 12 (331B 1038-1053 (the Handbook) and to allow it to assert that the provisions contained therein were binding on Ms. Kubas. Defendant argues in its Opposition that an email from July 12, 2017 (prior to Defendant's purchase of the gym) from Ryan VanBrackel, then General Manager of the gym, to various employees, including Ms. Kubas, seeking feedback on his draft Handbook, establishes that she received a handbook (the "VanBrackel Email"). This is not enough to establish the authenticity of this handbook or that the policies contained therein were contractual obligations that applied to Ms. Kubas.

There is no evidence that Ms. Kubas reviewed the handbook that was attached to VanBrackel's Email. There is no email in the record from Ms. Kubas responding to VanBrackel's Email so there is no evidence that she acknowledged receipt of his email or that she reviewed the handbook. There is no evidence that the attachment to VanBrackel's email *is the version* that Defendant seek to admit at trial (Def. Exs. 6 and 12). Defendant does not even know whether the "VanBrackel Email handbook" version or some other version was in effect during the relevant time frame. *See* Conway Dep. 124:3-11 ("So I can't give detail if that's been updated since then or if that's the one that was in place before I changed it. I'm not really sure."). Conway, who updated the handbook after Ms. Kubas was terminated also received VanBrackel's email but there is no evidence that he responded or gave any feedback. There is also no evidence that any of the 30+ employees that were employed by the Defendant received a copy of the Handbook or that any of them signed the acknowledgement page.

The VanBrackel Email was sent over a year prior to Defendant's purchase of the gym and there is no evidence that Defendant 331B adopted or agreed the provisions in the handbook after it took ownership. There is no evidence that Ms. Kubas signed the acknowledgment page, which alone, compels the exclusion of the Handbook because it is not a valid contract between the parties. *See Endosurg Med., Inc. v. EndoMaster Med., Inc.*, 71 F. Supp. 3d 525, 540 (D. Md. 2014). In *Endosurg Med.*, plaintiffs sought to enforce a confidentiality clause in an employee handbook. Because plaintiffs failed to produce a signed copy of the handbook by Defendants and Defendants testified that they were never asked to sign an employee handbook, the court found that plaintiffs' allegations of these agreements were unsubstantiated, and that Plaintiffs were "unlikely to succeed in proving that Defendants entered into confidentiality agreements with MedServ." *Id*. (internal citations omitted).

Finally, the Handbook acknowledgement form itself establishes that there is no binding contract between the parties because it explicitly states as much: "I understand that this Employee Handbook ***is not intended to create contractual obligations*** with respect to any matters it covers and that the Employee Handbook does not create a contract guaranteeing that I will be employed for any specific time period." *See* Def. Ex. 6 at 331B 193 (emphasis added).

## Conclusion

Plaintiff respectfully requests that Court grant her motions *in limine* as detailed in her original omnibus motion and this Reply.

Dated: March 13, 2023

    /s/ Sundeep Hora
Sundeep Hora (Bar. No. 28208)
Emma Eckert (PHV)
ALDERMAN, DEVORSETZ & HORA PLLC
1025 Connecticut Ave., NW, Suite 615
Washington, D.C. 20036
Tel. 202.969.8220
Fax 202.969.8224
E-mail: shora@adhlawfirm.com

**COUNSEL FOR PLAINTIFF**