## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KIMBERLY KUBAS,                          *

Plaintiff,                               *

v.                                       *            Civil Action  MJM 20-2456

331B, LLC
D/B/A ROCKWELL FITNESS                    *

Defendant.                               *

* * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff Kimberly Kubas's ("Plaintiff") Omnibus Motion *in Limine* seeking (1) to preclude defendant 331B, LLC, d/b/a Rockwell Fitness, ("Defendant") from offering any evidence or otherwise alluding to offers of settlement; (2) to preclude Defendant and witnesses from offering personal opinions on the merits of the lawsuit or the credibility of Plaintiff; and (3) to exclude evidence of Defendant's Employee Handbook (ECF 65)[1]; as well as Defendant's Motion *in Limine* to exclude the status of Defendant's owners, Sid Saab and Brian Chisholm, as members of the Maryland General Assembly (ECF 66). Plaintiff filed a response in opposition to Defendant's motion. (ECF 69). Defendant filed a response in opposition to Plaintiff's motion (ECF 70), and Plaintiff then filed a reply in support of her motion (ECF 74).

Upon consideration of the foregoing papers and arguments presented during the pretrial conference held on March 27, 2023, and additional telephone conferences conducted in April

---

[1] Plaintiff also initially sought to preclude testimony from either of Defendant's owners, Brian Chisholm and Sid Saab, conflating their status as public officials and purported duty to tell the truth and ensure safety and fairness of their employees, ECF 65 at 5–6, but this request was later withdrawn, ECF 74 at 2.

2023, and for reasons explained below, Plaintiff's Omnibus Motion *in Limine* will be granted in part and denied in part, and Defendant's Motion *in Limine* will be denied.

## I.      BACKGROUND

A detailed summary of the facts of this case is contained in the Memorandum Opinion regarding Defendant's motion for summary judgment and is adopted herein. ECF 57 at 1–14; *Kubas v. 331B, LLC*, Civ. No. MJM-20-2456, 2022 WL 4608147, at *1–7 (D. Md. Sept. 30, 2022).

## II.     DISCUSSION

### A.  Plaintiff's Omnibus Motion *in Limine*

#### i.   Evidence of Offers of Settlement

Plaintiff seeks to preclude Defendant from offering any evidence or otherwise alluding to offers of settlement and to redact any discussion of settlement offers from documents in this case. ECF 65 at 3–4. Defendant does not oppose Plaintiff's request. ECF 70 at 1. Rule 408 of the Federal Rules of Evidence precludes a party from introducing evidence of offers to settle or statements made in settlement discussions. Fed. R. Evid. 408(a). Specifically, under Rule 408, settlement communications cannot be admitted in evidence "either to prove or disprove the validity or amount of a disputed claim" or "to impeach by a prior inconsistent statement or a contradiction." *Id*. Plaintiff's motion with respect to any evidence concerning offers of settlement is therefore granted.

#### ii.  Witnesses' Personal Opinions on the Merits of the Lawsuit or the Credibility of Plaintiff

Plaintiff seeks to preclude Defendant and witnesses from offering personal opinions on the merits of the lawsuit or the credibility of Plaintiff. ECF 65 at 4–5. Defendant argues that opinion evidence from a lay witness is permitted under Rule 701 of the Federal Rules of Evidence. ECF 70 at 2. Defendant further argues that, while the determination of credibility falls within the sole province of the jury, witnesses may be called to offer testimony that affects a determination of

credibility under Rules 607, 608, and 609 of the Federal Rules of Evidence. *Id.* at 2–3. Plaintiff clarifies in her reply that she only seeks to exclude a witness's "uncorroborated or unsupported contentions concerning [her] credibility or the validity of her suit." ECF 74 at 1.

Generally, a lay witness's opinion is "limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "Rule 701 thus 'allows testimony based on the person's reasoning and opinions about witnessed events.'" *United States v. Hassan*, 742 F.3d 104, 135–36 (4th Cir. 2014) (citing *United States v. Offill*, 666 F.3d 168, 177 (4th Cir. 2011)). However, "[l]ay witnesses are not entitled to opine broadly or generally; rather, 'lay opinion testimony must be based on personal knowledge.'" *Id*. (citing *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir.2010)).

Moreover, Plaintiff's credibility "may be attacked or supported by testimony about [her] reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a). "But evidence of truthful character is admissible only after [Plaintiff's] character for truthfulness has been attacked." *Id*.

Therefore, Plaintiff's motion to exclude lay witnesses' opinions on the merits of this lawsuit or credibility of Plaintiff is granted with the exception that opinion testimony that satisfies the requirements of Rules 608 and 701 may be admitted.

### iii.  Defendant's Employee Handbook

Plaintiff seeks to exclude evidence of Defendant's employee handbook "because no facts have been presented that this Handbook was used while Plaintiff was employed with Defendant[,]

. . . that she reviewed it or agreed to its contents[,]" or "that Defendant distributed it to its employees as a final binding document." ECF 65 at 7.

Defendant seeks to introduce Exhibit 11 containing an email dated July 12, 2017, that was sent from the general manager of Rockwell Fitness to various gym employees, including Plaintiff, before Defendant purchased the gym. ECF 70 at 3. The email in Exhibit 11 states that the general manager "completed the employee handbook[]" and directs the employees to "look it over and let [the general manager] know" if anything "pertinent" is missing. Def. Exh. 11. Defendant claims that its Exhibit 12 is the version of the employee handbook that was attached to the foregoing email. *Id.* at 4. The email in Exhibit 11 suggests that the version of the handbook in Exhibit 12 is a draft. Defendant proffers that the purpose of this evidence is for Defendant to show that Plaintiff ultimately acted in ways that were inconsistent with, or in violation of, Defendant's workplace policies. Defendant argues that the question of "whether Plaintiff ever actually received a copy of the Handbook in question or whether the [H]andbook was 'in effect' at the time of the incident are entirely relevant and proper cross-examination questions. . . ." ECF 70 at 4.

In her reply, Plaintiff argues that Defendant fails "to establish the authenticity of this handbook or that the policies contained therein were contractual obligations that applied to [Plaintiff]." ECF 74 at 2.

The Court agrees with Plaintiff that Defendant has failed to present or proffer any evidence that Plaintiff ever reviewed any version of an employee handbook or that any version of an employee handbook was in effect and binding on employees during Plaintiff's employment at the gym, whether before or after Defendant became its owner. However, given that Plaintiff was an apparent recipient of the email in Exhibit 11, Defendant will be provided an opportunity to question Plaintiff about the email and its attachment. Plaintiff's motion to exclude the employee handbook

is denied.[2] However, Defendant must lay a proper foundation through Plaintiff's testimony before either the email, its attachment, or any employee handbook is admitted in evidence and published to the jury.

**B.   Defendant's Motion *in Limine* to Exclude Status of Sid Saab and Brian Chisholm as Members of the Maryland General Assembly**

Defendant seeks to exclude from evidence at trial the fact that its owners, Sid Saab and Brian Chisholm, were members of the Maryland General Assembly at the time of the events at issue in this case.[3] ECF 66. Defendant argues first that Messrs. Saab and Chisholm's status as members of the General Assembly is not relevant to the issues in this case. ECF 66-1 at 3. Second, Defendant argues that, even if this information is relevant, its probative value is substantially outweighed by the risk of prejudice to Defendant or of confusing the jury because "the public as a whole generally holds members of the legislature in ill-regard." *Id.* at 4. Defendant cites various materials indicating public disapproval of the United States Congress and a poll from 2015 indicating a 46% approval rating for the Maryland General Assembly. *Id.* at 4–5. Plaintiff argues that Messrs. Saab and Chisholm's official positions is relevant and Defendant fails to show undue prejudice. ECF 69. Plaintiff identifies at least one document authored by Mr. Chisholm and produced in discovery that apparently reflects Mr. Chisholm's account of events at issue in this case and refers to his and Mr. Saab's status as "public officials" and a "higher standard" to which

---

[2] Plaintiff makes much of the fact that Defendant did not identify any handbook in its responses to Interrogatories No. 3 and No. 4. ECF 65 at 8–9. Interrogatory No. 3 required Defendant to identify instances where "Defendant claims Plaintiff failed to follow Rockwell's policy for recording hours worked." *Id.* at 8. Interrogatory No. 4 required Defendant to identify instances where "Defendant claims Plaintiff 'stole time' by entering more hours in Defendant's timekeeping system than she actually worked during that pay period." Neither interrogatory squarely asked Defendant whether its workplace policies were contained in any particular document or calls for identification of any such document.

[3] Mr. Chisholm remains a member of the General Assembly, but Mr. Saab is a former member of the General Assembly.

they were held with respect to "truth, safety and fairness." *Id.* at 2; *see also* ECF 69-1 at 2. Additionally, Plaintiff proffers that Defendant's employees were aware that Messrs. Chisholm and Saab were members of the General Assembly and that knowledge may prove relevant to issues of credibility.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court agrees with Defendant that the status of Messrs. Chisholm and Saab as members of the General Assembly do not presently appear to be relevant to the issues in this case. This information may, however, become relevant in the course of trial. Defendant fails to show that this information would inflame the jury's emotions against Defendant or otherwise unduly prejudice Defendant. If a risk of undue prejudice becomes apparent during trial, any prejudicial effect may be addressed through an appropriate limiting instruction. Moreover, it would not be practicable to exclude this evidence in a way that does not risk calling unwarranted attention to it and spurring confusion of the jury. For these reasons, Defendant's motion is denied.

## III.   ORDER

For the foregoing reasons, it is this 14th day of August, 2023, by the United States District Court for the District of Maryland,

ORDERED that Plaintiff's Omnibus Motion *in Limine* (ECF 65) is GRANTED IN PART and DENIED IN PART:

1. Plaintiff's Motion is GRANTED with respect to evidence concerning offers of settlement;

2. Plaintiff's Motion is GRANTED with respect to lay witnesses' opinions on the merits of this lawsuit or credibility of Plaintiff, with the exception that opinion testimony that satisfies the requirements of Rules 608 and 701 of the Federal Rules of Evidence may be admitted;

3. Plaintiff's Motion is DENIED with respect to Defendant's Employee Handbook (Def.'s Ex. 12); and it is further

ORDERED that Defendant's Motion *in Limine* to Exclude Status of Sid Saab and Brian Chisholm as Members of the Maryland General Assembly (ECF 66) is DENIED.

.

_____/S/_____

Matthew J. Maddox
United States Magistrate Judge