UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **KIMBERLY KUBAS** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:20-cv-2456 (MJM) |
| | ) | |
| **331B, LLC** | ) | |
| **(D/B/A ROCKWELL FITNESS)** | ) | |
| | ) | |
| Defendant**.** | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiff respectfully submits this motion to recover $260,572.50 in attorney's fees and $11,139.09 in costs to which she is entitled pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 2000e-5(k)).[1]  As detailed more fully below and in the attached affidavits, the fees and costs Plaintiff requests are reasonable considering the nature and duration of the litigation and Plaintiff's exercise of billing judgment.

### I.  Introduction

Plaintiff's counsel has represented Kim Kubas at every phase of this litigation for the past four years.  In the course of counsel's representation, counsel has conducted a thorough investigation of Plaintiff's claims; prepared and filed Plaintiff's amended charge before the Equal Employment Opportunity Commission (EEOC)[2], filed a federal complaint (and later, an amended complaint); conducted written and deposition discovery; participated in multiple telephonic conferences to resolve discovery disputes; conducted and/or defended 5 depositions;

---

[1] Plaintiff's counsel conferred with Defendant's counsel and Defendant indicated that they oppose this motion.
[2] Ms. Kubas filed her initial charge with the EEOC on July 9, 2019.  She retained the undersigned's firm in September 2019 and thereafter, the firm filed an amended charge in November 2019 before the EEOC.

1

successfully opposed Defendant's dispositive motion; argued at several pretrial hearings; engaged in pretrial briefing and trial preparation; litigated a five and a half day trial (including jury selection); and ultimately obtained a favorable verdict on behalf of Ms. Kubas: the jury found that Defendant's termination of Ms. Kubas constituted unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e, *et seq*.

    This case was important to both sides. Defendant 331B LLC retained a team of skilled and respected lawyers. While 331B LLC had the resources to hire lawyers and make choices to litigate no matter the cost, Ms. Kubas had no such resources. Her ability to access her rights rested solely on the willingness of skilled counsel to stand with her in reliance on fee-shifting statutes to ensure that, if successful in obtaining a finding of retaliation, they could be fairly compensated for their time and reimbursed for costs.  The manner in which Defendant litigated this matter, specifically their conduct during discovery, increased the amount of time Plaintiff's counsel were required to devote to the case.[3]  Moreover, there were at least three "built-in" opportunities for the parties to resolve this matter, however, at each opportunity Defendant's offered nothing above nuisance value.  See Ex. 1, (S. Hora Aff.) at ¶¶15-19.

    Congress enacted legislation awarding reasonable attorneys' fees and costs to prevailing plaintiffs precisely to ensure that civil rights plaintiffs could have competent counsel willing to commit the time and resources necessary to vindicate their civil rights and to do so even though the damages awarded in civil rights claims are typically small. These cases are challenging and winning requires not only requires plaintiffs who have the courage to stand up and say they deserved better, but attorneys who have committed their heart and soul to persevering, knowing that the path to prevailing is littered with many more ways to lose than there are to win.

---

[3] *See* e.g., Dkt. No. 36 (Plaintiff's discovery dispute letter indicating that Defendant failed to produce documents and co-owner Sid Saab revealed during his deposition that he never was asked to produce any documents);

Sundeep Hora, the lead attorney for Ms. Kubas, has practiced almost exclusively for the entirety of his 23 years of practice as a civil litigator. Ex. 1 at ¶6. Since 2005, a substantial portion of his litigation practice over the past 18 years has been devoted to upholding individual civil rights and wage claims on behalf of private and government employees. *Id*. Mr. Hora and his firm took this case at considerable risk, foregoing other work and incurring fees and expenses in order for the jury to bear witness to Ms. Kubas's story and make their verdict. For Ms. Kubas, like other civil rights plaintiffs, the opportunity to tell her story, to be compensated for her harms, and to have Defendant 331B LLC be held accountable for its violation of federal law, was extremely important and mattered.

The reasonableness of the fees and costs incurred reflect the fact that the parties were engaged in litigation for four years including the EEOC process. Although Ms. Kubas did not receive a large award, the damages award establishes that her federal rights were worth protecting and that suffered harm worth compensating.

## I.     Argument

Section 706(k) of Title VII of the Civil Rights Act of 1964 ("Section 706(k)") provides that "In any action or proceeding under this title [42 U.S.C. §§ 2000e et seq. (Title VII)] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person." Plaintiff is entitled to an award of Attorney's fees and costs in this matter.

**A. Plaintiff is the Prevailing Party**

The Supreme Court has explained that the test for determining whether a party is a "prevailing party" entitled to reasonable attorneys' fees and costs is not a demanding test. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Broccoli v. Echostar Communs. Corp.*, 229 F.R.D. 506, 514 (D. Md. 2005) ("A prerequisite for an award of costs is a determination by the court that the moving party is a prevailing party. Much of the case law articulating the applicable legal standards for a determination of prevailing party status concerns civil rights fee-shifting statutes as they apply to attorney's fees." (*citing Hensley*, 461 U.S. at 433);

The Supreme Court, in what it has termed a "generous formulation," has explained that "plaintiffs may be considered 'prevailing parties' for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id*. (emphasis added) (citation omitted). A plaintiff must "receive at least some relief on the merits of his claims before he can be said to prevail." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (citation omitted); Farrar v. Hobby, 506 U.S. 103, 109-12, 121 L. Ed. 2d 494, 113 S. Ct. 566 (1992) (concluding that an award of nominal damages confers prevailing party status on the plaintiff, and in order to receive attorney's fees the plaintiff (1) must obtain at least some relief on the merits of his claim, and thus obtain an enforceable judgment against the defendant from whom fees are sought and (2) "the actual relief on the merits of his claim materially alters the legal relationship between the parties modifying the defendant's behavior in a way that directly benefits the plaintiff").

The Supreme Court has held that a plaintiff is a prevailing party when he obtains judgment in his favor, "regardless of the amount of damages awarded." *Id*. (emphasis added) (citation omitted); *see also Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[T]he degree of the

plaintiff's success does not affect eligibility for a fee award.") (citation and quotation marks omitted); *Grissom v. The Mills Corp.*, 549 F.3d 313, 318 (4th Cir. 2008) (A "prevailing party" is "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded."). Consistent with this well-established Supreme Court precedent, courts have awarded attorneys' fees to civil rights plaintiffs when they obtain compensatory damages. *See, e.g., Quainoo v. City of Huntsville*, 611 F. App'x 953, 955 (11th Cir. 2015) (finding that a civil rights plaintiff who obtained $4,000 in damages was entitled to reasonable fees and costs); *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1291 (11th Cir. 2014) (ruling that a civil rights plaintiff who obtained $5,000 in compensatory damages was entitled to reasonable fees and costs); *Duckworth v. Whisenant*, 97 F.3d 1393, 1395 (11th Cir. 1996) (awarding fees when plaintiff obtained $500 in compensatory damages). The award of fees in such cases is consistent with congressional intent in enacting the fee-shifting provision in civil rights cases to "encourage lawyers to accept civil rights cases, which frequently involve expenditures of time and effort but produce only small monetary recoveries." *Riverside v. Rivera*, 477 U.S. 561, 577 (1986).

In this case, Ms. Kubas prevailed on her Title VII claim and was awarded $4,940[4] in compensatory damages- the equivalent of almost a year's salary as a part-time bookkeeper. She established that Defendant 331B LLC retaliated against her after she complained that the gym's general manager, Devin Conway, sexually harassed her and other employees. Since Ms. Kubas obtained "relief on the merits" of her claims and obtained a damages award, she is a prevailing party within the meaning of well-established Supreme Court precedent and should be awarded reasonable attorneys' fees. *See Buckhannon*, 532 U.S. at 603 (holding that a civil rights plaintiff who obtains compensatory damages is a prevailing plaintiff regardless of the amount obtained).

---

[4] See Dkt. No. 100 (Order of Judgment).

After exercising billing judgment (details are contained in Sundeep Hora's Affidavit, Ex. 1 hereto), Plaintiff seeks to recovery $260,572.50 in fees for 654.1 total hours of attorney work over a period of four years.

**B.  Plaintiff is entitled to her Reasonable Attorneys' Fees**

The calculation of an attorney's fee award is a three-step process. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). First, the Court must determine the lodestar amount, which is a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *Saman v. LBDP, Inc.*, 2013 U.S. Dist. LEXIS 83414, *18 (D. Md. June 13, 2013); *Quevedo v. HBJ, Inc.*, 2014 U.S. Dist. LEXIS 112284 (D. Md. Aug. 13, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *Fiallos v. Hamzah Slaughter House*, No. 1:20-cv-03577, 2022 U.S. Dist. LEXIS 207066, at *1-2 (D. Md. Nov. 14, 2022) (*citing Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008).

"Under the lodestar approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 414 (D. Md. 2014) (*quoting Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984)). This Court maintains guidelines regarding appropriate hourly rates in Appendix B to its Local Rules (D. Md. Jul. 2021). The rate in Appendix B for lawyers admitted to the bar for more than twenty years is $300 to $475 per hour.  The rate in Appendix B for lawyers admitted to the bar for fewer than five years is $150 to $225 per hour.

In determining the reasonableness of the billing rates and hours worked to be used in a lodestar calculation, the United States Court of Appeals for the Fourth Circuit has directed courts

to consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "Johnson factors"):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 U.S. Dist. LEXIS 83414, *18-19 (*citing Barber v. Kimbrell's Inc.*, 557 F.2d 216, 226 n. 28 (4th Cir. 1978)). *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013).

**(1) Time and labor expended; (2) the novelty and difficulty of the questions raised.**

The Firm calculated its rates based on years of experience and experience with litigating employment cases. As indicated in Sundeep Hora's affidavit, Mr. Hora, has over 23 years of complex civil litigation experience, and used a billing rate of $475 per hour. Ex. 1 (S. Hora Aff.) at ¶6. Ms. Shuntich, was a mid-level litigation associate with our firm until August 21, 2021 and the primary associate attorney who represented Ms. Kubas. *Id*. at ¶ 20. Ms. Shuntich graduated from law school in 2015 and was billed at $300 per hour. Ex. 2 (Shuntich Aff.) at ¶2. Ms. Stoddard, a litigation associate at our firm until August 2022, graduated in 2020 and was billed at $175 per hour. Ex. 1 (Hora Aff.) at ¶22. Ms. Eckert also graduated in 2020, and assisted Attorney Hora with trial preparation and trial. Ex. 3 (Eckert Aff.) at ¶¶ 2-3. Given her limited litigation experience, Ms. Eckert was billed at $150 per hour, the lowest in the range.

Attached hereto as Exhibit 4 is a spreadsheet of our invoices in this case ("Kubas Accounting"), reflecting the hours that were billed in Ms. Kubas's case beginning from the

proceedings before the EEOC in September 2019 to the instant fee petition. After four years of litigation and a one-week trial, Plaintiff was billed $288,330.00 in fees. After exercising billing judgment, the total fee amount was reduced by ten (10%) percent to a total of $260,572.50. The last two columns of the Kubas Accounting reflect reductions made in the exercise of billing judgment in **bold**. Ex. 1 (S. Hora Aff.) at ¶¶ 20-26. The following summary chart taken from Exhibit 4 shows the total billing on the left and 10% reduction based on billing judgment.

| | | | | | |
|---|---|---|---|---|---|
| HORA | $475.00 | 442.9 | $210,377.50 | 436.8 | $207,480.00 |
| ECKERT | $150.00 | 69.6 | $10,440.00 | 61.4 | $9,210.00 |
| GOUGH | $225.00 | 9.5 | $2,137.50 | 0.0 | $0.00 |
| SHUNTICH | $300.00 | 186.3 | $55,890.00 | 132.8 | $39,840.00 |
| STODDARD | $175.00 | 54.2 | $9,485.00 | 23.1 | $4,042.50 |
| **TOTAL** | | 762.5 | $288,330.00 | **654.1** | **$260,572.50** |

Ex. 4.

Per the Appendix B guidelines, the hours expended in this litigation were categorized and allocated as follows:

| | | |
|---|---|---|
| ADR | 15.3 | $5,605.00 |
| Case Development | 35.0 | $12,092.50 |
| Pleadings | 15.1 | $6,385.00 |
| Discovery | 102.1 | $36,072.50 |
| Depositions (and prep) | 62.0 | $27,210.00 |
| Motions Practice | 62.1 | $21,382.50 |
| Court Hearings | 123.8 | $45,170.00 |
| Trial Prep & Trial | 212.3 | $94,115.00 |
| Fee Petition | 26.4 | $12,540.00 |
| **TOTAL** | **654.1** | **$260,572.50** |

It should be noted that throughout this litigation, Defendant was frequently, if not always, represented by two attorneys. Plaintiff was represented primarily by Mr. Hora with assistance

from associates.  Billing judgment has been exercised to ensure that only one attorney was billing his or her time for depositions, court appearances (except for trial) and discovery disputes. The Kubas Accounting supports that the number of hours worked and the rates are reasonable per this Court's guidelines and reasonable using the lodestar calculation.

Exhibit 5 contains a spreadsheet of costs associated with Ms. Kubas's case.  After four years of litigation and to take this case to trial, Plaintiff incurred a **total of $11,139.09** in costs. Ex. 5.  Expenses are billed at actual cost with no markup.

The hours and fees expended were necessary to provide Plaintiff with competent and quality legal representation.  Retaliation cases are not easy to prove.  This was a hard-fought case including discovery disputes which required several interventions from the Court to compel Defendant to produce relevant documents.  This includes key text messages from Brian Chisholm and Sid Saab that established the timeline of events that was presented at trial and a key text message from Chisholm to Saab, indicating his intent to terminate Ms. Kubas prior to her meeting with him in her office where she was summarily terminated.  These documents were critical to rebut Defendant's shifting explanations for Ms. Kubas's termination and to establish that she was the victim of retaliation.

**(3) the skill required to properly perform the legal services rendered and**
**(9) the experience, reputation and ability of the attorney;**

Plaintiff was represented by Sundeep Hora, who has been a member of the Maryland Bar since 2000 and has represented clients in numerous employment and wage and hour cases over the course of his career.  Ex. 1 (S. Hora Aff.) at ¶6.  Mr. Hora has handled numerous discrimination, retaliation and FLSA cases before the EEOC and in federal court. *Id*. at ¶ 6. Attorneys  Shuntich and Stoddard's litigation experience and substantial knowledge of the

9

relevant law greatly assisted with Plaintiff's ability to recover in a case. As indicated in the accompanying affidavits of Mr. Hora, Ms. Shuntich (Ex. 2) and Ms. Eckert (Ex. 3), Plaintiff's counsel had the experience to litigate this and similar matters to justify the rates and hours expended in pursuit of a successful verdict.

> **(4) the attorney's opportunity costs in pressing the instant litigation; (10) the undesirability of the case within the legal community in which the suit arose; and (11) the nature and length of the professional relationship between attorney and client**

The reality of taking on a case like Ms. Kubas's on a contingency basis inevitably requires the attorneys involved to forgo other work, especially given the four-year length of this case. As indicated by Mr. Hora in is affidavit, the firm selectively chooses which cases to take on a contingency/fee shifting basis. In so doing, the firm must forego other cases and hourly work so that it can devote the time and attention necessary to obtain a successful verdict.

Vindicating civil rights is an important job for any attorney to take on, however, the substantial risk if the case is unsuccessful can be too much for a small or midsize firm to bear. It is important to note that the undesirability of civil rights cases will only increase because thesed cases are harder to win and the the hourly rate under Appendix B of the Local Rules has not been updated for several years and does not track the of the cost-of-living index. The lower rate coupled with the substantial risk that if Plaintiff is unsuccessful, the firm will not get paid for its substantial work, makes these types of cases undesirable.

Proving discrimination and retaliation cases are not easy. Surviving summary judgment is not easy. These cases require attorneys who are willing to keep pushing and pushing in order to compel defendants to meet their discovery obligations and overcome evasiveness during depositions. These cases also require attorneys who are meticulous in ensuring that have met their burden at summary judgment and that every citation is well supported by the record.

**(5) the customary fee for like work; (12) attorneys' fees awards in similar cases.**

Plaintiff has requested that the court apply hourly rates that fall within the guideline ranges for attorney's fee calculations based on each attorney's years of experience, as set forth in Appendix B to the Local Rules of this Court. *See* D. Md. Local R. App. B.3. Though these ranges are non-binding, they are "presumptively reasonable." *Parker v. Reema Consulting Servs.*, 2022 U.S. Dist. LEXIS 130427, *7 (D. Md. 2022) (*quoting EEOC v. Freeman*, 126 F. Supp. 3d 560, 575 (D. Md. 2015).

In *Parker v. Reema Consulting Sevs.*, this Court awarded $475,870.50 in fees based on a total recovery of $83,000. Defendant objected that the fee award significantly exceeded the amount of Plaintiff's total recovery, however, the Court was not persuaded. The Court held, "[t]he amount in controversy and the results obtained, the eighth *Johnson* factor, is 'only one of many factors that a court should consider in calculating an award' and does require that the attorney's fee award be proportionate to the damages recovered. *Id*. at 21 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) (plurality opinion)). There were certainly other factors at issue in *Parker*, however, the principle is that proportionality should apply contravenes the purpose of Title VII:

> Congress enacted fee-shifting statutes to compensate "private attorneys general" and thereby to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole. See H.R. Rep. No. 94-1558, at 2 (1976) (*citing Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402, 19 L. Ed. 2d 1263, 88 S. Ct. 964 (1968) (per curiam)); *see generally* S. Rep. No. 94-1011 (1976). The public interest in private civil rights enforcement is not limited to those cases that push the legal envelope; it is perhaps most meaningfully served by the day-to-day private enforcement of these rights, which secures compliance and deters future violations.

*Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that she be awarded fees in the amount of $260,572.50 in fees and $11,139.09 in costs as detailed herein.

Dated: October 26, 2023                                    Respectfully Submitted,


    /s/ Sundeep Hora
Sundeep Hora (Bar. No. 28208)
Emma Eckert (PHV)
ALDERMAN, DEVORSETZ & HORA PLLC
1025 Connecticut Ave., NW, Suite 615
Washington, D.C. 20036
Tel. 202.969.8220
Fax 202.969.8224
E-mail: shora@adhlawfirm.com

**COUNSEL FOR PLAINTIFF**