

**Sundeep Hora <shora@adhlawfirm.com>**

## Confidential Settlement Communication
6 messages

**Sundeep Hora** <shora@adhlawfirm.com>  Wed, Nov 11, 2020 at 1:43 PM
To: blplaw@atlanticbbn.net
Cc: Savanna Shuntich <sshuntich@adhlawfirm.com>

-**Not admissible pursuant to FRE 408-**

Jason,

I hope you had a nice vacation. Pursuant to our discussion regarding exchanging settlement offers, the Plaintiff would agree to settle for a lump sum of $53,017.00. This represents $10,080.00 in backpay running from June 23, 2019 through November 9, 2020 ($7,280 a year based on her last full year of work/26 pay periods = $280.00 a paycheck multiplied by the 36 pay periods since Plaintiff's termination) + $20,160.00 in compensatory damages calculated at a rate of 2x backpay + $22,777.50 in attorney's fees.

This is a conservative offer made in good faith. We have not included any damages based on Plaintiff's lost benefits, including free baby-sitting, a free gym membership, and the personal training Ms. Kubas received through her employer. Moreover, we have calculated Plaintiff's compensatory damages at the lowest benchmark and without a front pay claim despite the reality that it has and will continue to be difficult for Ms. Kubas to find a new job during a pandemic.

This is a strong and clear cut case of retaliation. Ms. Kubas was a thirteen year employee of the gym who had no disciplinary issues prior to her abrupt termination in June of 2019 for allegedly "stealing time" and/or working from home without permission. The documents show that Ms. Kubas reported to Mr. Chisolm on June 1, 2019 that she had experienced sexual harassment by Devin Conway and that Conway was retaliating against her in the workplace for disclosing the harassment to another employee. Though she was assured by Mr. Chislom that the complaint would be taken seriously, the retaliation continued, prompting Ms. Kubas to make an additional complaint about retaliation from Conway on June 19, 2019 both in person to Mr. Chisolm and through an email to Messrs. Chisolm and Saab in which she stated plainly "I have felt uncomfortable around Devin since this came to light due to the fact he is singling me out. It is without a doubt related to my bringing his sexual harassment to light." Ms. Kubas was terminated less than two days after this email, providing unimpeachable evidence of temporal proximity. Though the parties may dispute the reason for this termination, Ms. Kubas will testify that Chisolm openly ascribed the termination to his retaliatory animus. He stated that he was terminating Ms. Kubas because another customer had approached him about sexual harassment complaints against Conway and that Plaintiff was "a cancer" on the business. This alone creates a dispute of fact that will require a resolution by a jury. In addition, Ms. Kubas's long and incident free employment with the gym will add credence to her assertion that the claims of misconduct made against her were a work of fiction.

There is also strong evidence of pretext based on Defendant's shifting explanations for Ms. Kubas's termination. First Rockwell claimed before the Maryland Division of Unemployment Insurance in July of 2019 that Ms. Kubas's termination was because Ms. Kubas was working from home without permission. Yet, in a later interview with the Division of Unemployment Insurance and in its Position Statement before the EEOC, Rockwell claimed that Ms. Kubas was fired for falsifying her time records. Not only are these assertions problematic because they show shifting explanations, there is no evidence demonstrating that the claims are true. In the case of the allegation that Plaintiff was working from home without permission, Ms. Kubas has provided documentary evidence showing that Mr. Chisolm had given her permission to work from home because she was uncomfortable being around Mr. Conway and she won her unemployment compensation claim on those grounds. As to the second assertion, Defendant has not produced time keeping records showing any alleged theft and, by Mr. Chisolm's own assertion, those records do not exist. When Plaintiff was not paid for her final pay period, she contacted Mr. Chisolm on July 5 regarding her unpaid wages and he explained that "I just went in and looked and saw your last paycheck was on June 21, 2019. It does not

look like Devin put any hours in for you the week of June 17, 2019 through June 21, 2019 which was your last day. Did you submit hours for that week or do you know how many you worked that week?" The tone of Chisolm's email is not indicative of what one would send to a former employee who allegedly stole from the business. Plaintiff wholeheartedly denies that she was stealing time from her employer and Defendant's lack of evidence in support of that claim will make it difficult for Defendant to meet its burden that Ms. Kubas's termination was for a legitimate non-retaliatory reason.

I think it unlikely that you would win summary judgment considering the disputes of material fact and that Magistrate Judge Boardman generally denies motions for summary judgment. It is likely that this case would go to trial and that Ms. Kubas would recover considerably more at trial than our offer. If the parties are interested in resolving this case at this juncture, we would like to have a settlement in principle no later than November 18, 2020 because, as I'm sure you understand, we need to start the discovery process to allow for as many depositions as possible before the legislative term begins.

Please feel free to contact me if you have any questions or would like to discuss our settlement offer further.


Sundeep Hora
Alderman, Devorsetz & Hora PLLC
1025 Connecticut Avenue, NW
Suite 615
Washington, DC 20036
**D** (202) 652-2456 | **O** (202) 969-8220
**E** shora@adhlawfirm.com | **F** (202) 969-8224



www.adhlawfirm.com

_____

This electronic message transmission (including any attachments) contains information that may be confidential, be protected by the attorney-client or other privileges, or contain non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, kindly notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

IRS Circular 230 Notice -- We are required by Treasury Regulations (Circular 230) to inform you that, to the extent that this communication concerns federal tax issues, this communication (including attachments and enclosures) was not written or intended to be used, and cannot be used, for (1) avoiding federal tax penalties or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

**Sundeep Hora** <shora@adhlawfirm.com>                                                   Mon, Nov 16, 2020 at 9:45 AM
To: blplaw@atlanticbbn.net
Cc: Savanna Shuntich <sshuntich@adhlawfirm.com>, Julie Hoffman <blpassistant@atlanticbbn.net>

Jason, I hope you had a nice weekend. I wanted to check in with you regarding my email below given that we had discussed acting expeditiously to see if settlement was a possibility at this juncture. Please advise either way so that I can advise my client accordingly. Thank you.

**Sundeep Hora**
**Alderman, Devorsetz** & **Hora PLLC**
1025 Connecticut Avenue, NW
Suite 615
Washington, DC 20036
**D** (202) 652-2456 | **O** (202) 969-8220
**E** shora@adhlawfirm.com | **F** (202) 969-8224



www.adhlawfirm.com

_____

This electronic message transmission (including any attachments) contains information that may be confidential, be protected by the attorney-client or other privileges, or contain non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, kindly notify the sender by replying to this message and then delete it from your system.  Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

IRS Circular 230 Notice -- We are required by Treasury Regulations (Circular 230) to inform you that, to the extent that this communication concerns federal tax issues, this communication (including attachments and enclosures) was not written or intended to be used, and cannot be used, for (1) avoiding federal tax penalties or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

[Quoted text hidden]

---

**Sundeep Hora** <shora@adhlawfirm.com>   Mon, Nov 16, 2020 at 9:46 AM
To: Kimberly Kubas <kmkubas@hotmail.com>

FYI

**Sundeep Hora**
**Alderman, Devorsetz** & **Hora PLLC**
1025 Connecticut Avenue, NW
Suite 615
Washington, DC 20036
**D** (202) 652-2456 | **O** (202) 969-8220
**E** shora@adhlawfirm.com | **F** (202) 969-8224



www.adhlawfirm.com

_____

This electronic message transmission (including any attachments) contains information that may be confidential, be protected by the attorney-client or other privileges, or contain non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, kindly notify the sender by replying to this message and then delete it from your system.  Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

IRS Circular 230 Notice -- We are required by Treasury Regulations (Circular 230) to inform you that, to the extent that this communication concerns federal tax issues, this communication (including attachments and enclosures) was not written or intended to be used, and cannot be used, for (1) avoiding federal tax penalties or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

[Quoted text hidden]

---

**Savanna Shuntich** <sshuntich@adhlawfirm.com>  Wed, Nov 18, 2020 at 5:08 PM
To: Sundeep Hora <shora@adhlawfirm.com>

Should we follow up about this again?

Best,
Savanna

---------- Forwarded message ---------
From: **Sundeep Hora** <shora@adhlawfirm.com>
Date: Mon, Nov 16, 2020 at 9:46 AM
Subject: Re: Confidential Settlement Communication
To: <blplaw@atlanticbbn.net>
Cc: Savanna Shuntich <sshuntich@adhlawfirm.com>, Julie Hoffman <blpassistant@atlanticbbn.net>

[Quoted text hidden]

--
Savanna Shuntich
Associate Attorney
Alderman, Devorsetz & Hora PLLC
1025 Connecticut Avenue, NW
Suite 615
Washington, DC 20036

Phone (202) 969-8220
Fax (202) 969-8224
E-mail sshuntich@adhlawfirm.com
www.adhlawfirm.com



_____

**Alderman, Devorsetz & Hora PLLC is a law firm engaged in the collection of debts. If this email concerns**

**the collection of a debt, then it constitutes an attempt to collect a debt. Any information obtained by this firm may be used for that purpose.**

———————————————

This electronic message transmission (including any attachments) contains information that may be confidential, be protected by the attorney-client or other privileges, or contain non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, kindly notify the sender by replying to this message and then delete it from your system.  Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

IRS Circular 230 Notice -- We are required by Treasury Regulations (Circular 230) to inform you that, to the extent that this communication concerns federal tax issues, this communication (including attachments and enclosures) was not written or intended to be used, and cannot be used, for (1) avoiding federal tax penalties or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

———————————————————

**Sundeep Hora** <shora@adhlawfirm.com>                                                          Wed, Nov 18, 2020 at 5:19 PM
To: Savanna Shuntich <sshuntich@adhlawfirm.com>

No, in fact, we should propound discovery.  Did you already draft it and were awaiting my review of it in the file?

**Sundeep Hora**
**Alderman, Devorsetz** & **Hora PLLC**
1025 Connecticut Avenue, NW
Suite 615
Washington, DC 20036
**D** (202) 652-2456 **| O** (202) 969-8220
**E** shora@adhlawfirm.com **| F** (202) 969-8224



www.adhlawfirm.com

———————————————

This electronic message transmission (including any attachments) contains information that may be confidential, be protected by the attorney-client or other privileges, or contain non-public information.  It is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient of this message, kindly notify the sender by replying to this message and then delete it from your system.  Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

IRS Circular 230 Notice -- We are required by Treasury Regulations (Circular 230) to inform you that, to the extent that this communication concerns federal tax issues, this communication (including attachments and enclosures) was not written or intended to be used, and cannot be used, for (1) avoiding federal tax penalties or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

———————————————

[Quoted text hidden]

**Savanna Shuntich** <sshuntich@adhlawfirm.com>　　　　　　　　　　　　　　　Wed, Nov 18, 2020 at 5:29 PM
To: Sundeep Hora <shora@adhlawfirm.com>

Yes indeed!

Best,
Savanna

[Quoted text hidden]